UNITED STATES DISTRICT COURT
                           DISTRICT OF SOUTH CAROLINA

Dennis Eugene Ross, #12132-171            )    C/A No. 6:10-1891-GRA-KFM
                                          )
                      Petitioner,         )
                                          )
vs.                                       )
                                          )    **REPORT AND RECOMMENDATION**
Mary M. Mitchell, Warden,                 )
                                          )
                      Respondent.         )
_____)

      The petitioner, Dennis Eugene Ross ("Petitioner"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241 for habeas relief.[1] Petitioner is a federal inmate at FCI-Edgefield. Petitioner paid the full filing fee for this action. Petitioner seeks to vacate his allegedly illegal federal conviction and sentence for violating 18 U.S.C. § 922(g), the statute prohibiting a felon from possessing a firearm and/or ammunition.

## *Pro Se* Habeas Review

      The *pro se* petition is to be construed liberally, and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Furthermore, this court is charged with screening the petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts. *See also* Rule 1(b) of Rules

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

## Background

On or about July 21, 2010, Petitioner filed this habeas action pursuant to 28 U.S.C. § 2241, requesting that this court vacate his federal conviction and sentence for felon in possession of a firearm and ammunition entered in *United States v. Ross*, Cr. No. 7:07-401-GRA. Petitioner requests that he be immediately released from prison. It appears that on August 31, 2007, Petitioner pled guilty to one count of violating the felon in possession of a firearm statute. *See United States v. Ross*, Cr. No. 7:07-401-GRA (Docket Entry # 40).[2] The Honorable G. Ross Anderson, Jr., now Senior United States District Judge, sentenced Petitioner on November 15, 2007, to 180 months imprisonment, followed by five years of supervised release. *Id.* at Docket Entry # 44, 45. Petitioner did file a direct appeal, and on August 14, 2008, the Fourth Circuit Court of Appeals affirmed the decision of the district court. *Id.* at Docket Entry # 60, 61. The mandate was entered on September 5, 2008. *Id.* at Docket Entry # 62. It appears that Petitioner has not filed a habeas petition pursuant to 28 U.S.C. § 2255.

In the action *sub judice*, Petitioner alleges a variety of claims, including that this district court lacked subject matter jurisdiction to convict or impose a sentence in his case because no federal crime was committed. Petitioner alleges that the United States did not prove the element of the crime relating to the interstate commerce nexus, so he is actually innocent. Also, Petitioner alleges that this court lacked territorial jurisdiction and subject matter jurisdiction to try Petitioner for a non-federal crime. Further, Petitioner argues that the felon-in-possession statute is

---

2) It is appropriate for this District Court to take judicial notice of the petitioner's prior cases. *See Aloe Creme Lab., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (noting that the District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time). *See also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

unconstitutional. Petitioner invokes the "savings clause" to file this § 2241 action because he alleges that he missed the one-year limitations period to file a § 2255 petition.

## **Discussion**

Because Petitioner filed this action pursuant to 28 U.S.C. § 2241 seeking to invoke the "savings clause," and because Petitioner's custodian is located within this district, he properly filed the § 2241 petition in this court. *See Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004). However, the threshold question is whether Petitioner's claims are encompassed by the § 2255 "savings clause." Title 28, Chapter 153 of the United States Code provides a statutory framework for federal post-conviction relief from judgments of conviction. Under this framework, those convicted in federal court are required to bring collateral attacks challenging the validity of their judgment and sentence by proceeding under 28 U.S.C. § 2255:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). A petition under § 2241 is available for a federal prisoner to collaterally attack his conviction and sentence, however, when a motion under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see also Swain v. Pressley*, 430 U.S. 372, 381 (1977). The Fourth Circuit Court of Appeals held that "§ 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. A contrary rule would effectively nullify the gatekeeping provisions." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (citations omitted). Nonetheless, the Court concluded, "[T]here must exist some circumstance in which resort to § 2241 would be permissible; otherwise, the savings

3

clause itself would be meaningless." *Id.* In one scenario the Fourth Circuit has deemed "§ 2255 inadequate and ineffective to test the legality of a conviction":

> [W]hen: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Jones*, 226 F.3d at 333-34.

Petitioner cannot meet this criteria because he has not yet filed his first § 2255 motion. Courts appear to require a prisoner in federal custody to first proceed with a § 2255 motion before attempting to satisfy the "savings clause" that would allow a § 2241 petition to be filed at a later date. *See Hernandez v. Drew*, No. 09-13292, 2010 WL 1337710 (11th Cir. April 7, 2010) (noting that a prisoner may not circumvent the requirements for filing a § 2255 motion merely by filing a § 2241 petition). Petitioner's argument that he can meet the "savings clause" because if he filed a § 2255 petition it would be time-barred is not an appropriate ground to invoke the "savings clause." *See Bowens v. Warden, FCI Edgefield,* C/A No. 8:10-38-RBH, 2010 WL 1493108 (D.S.C. April 13, 2010) (rejecting the argument that § 2255 is inadequate or ineffective when a § 2255 would be time-barred by the statute of limitations); *Joseph v. Wells*, No. CV 308-050, 2009 WL 256006 (S.D. Ga. Feb. 3, 2009) (noting that "the mere fact that relief under § 2255 is time-barred is not alone sufficient to make § 2241 an available remedy"). *See also Holland v. Florida*, 130 S.Ct. 2549 (2010) (holding that the AEDPA one-year limitation period is subject to equitable tolling in appropriate cases). In other words, the fact that Petitioner believes that a § 2255 motion *will be* unsuccessful if he files such a petition should not entitle Petitioner to invoke the "savings clause." Instead, Petitioner should be required to first file a § 2255 petition in the sentencing court, which is this district court. Accordingly, Petitioner's claims do not appear to come within the "savings clause" at this time, and, therefore, this action is not cognizable pursuant to § 2241.

In this case, this court believes that it is in the interest of justice to recharacterize this § 2241 habeas petition as a § 2255 habeas petition. *See Castro v. United States*, 540 U.S. 375, 381 (2003) ("Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category... to avoid an unnecessary dismissal ... ."). As Judge Anderson is the sentencing judge, no transfer is necessary. Also, because it appears that Petitioner may have missed the AEDPA one-year statute of limitations[3], it is appropriate to recharacterize the petition rather than dismiss it without prejudice since the time clock would be running. If this action is recharacterized as a § 2255 petition, Petitioner is hereby informed that any subsequent § 2255 motion will be subject to the restrictions on successive or second § 2255 motions.[4] Accordingly, it is recommended that if the District Court decides to recharacterize the petition as a § 2255 motion, the court should provide the proper notice and opportunity to respond as required by *United States v. Castro*, 540 U.S. 375 (2003). *See United States v. Blackstock*, 513 F.3d 128 (4th Cir. 2008).

## Recommendation

Accordingly, it is recommended that the District Court should recharacterize this § 2241 petition with attachments as a § 2255 motion to be filed in *United States v. Ross*, Cr. No. 7:07-401-GRA. It is also recommended that the District Court provide to Petitioner the proper notice and opportunity to respond as required by *United States v. Castro*, 540 U.S. 375 (2003). It is further recommended that the District Court should direct the Clerk of Court to open a § 2255

---

3) This court does not express any opinion on whether, if Petitioner had filed a § 2255 petition, it would be time-barred.

4) Before a petitioner may litigate a second § 2255 habeas petition, the "second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain – (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255; *see also* 28 U.S.C. § 2244 (regarding the finality of determination).

action and to close this § 2241 action.  See *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and Rule 4 and 1(b) of the Rules Governing § 2254 Cases ([i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner).  **The petitioner's attention is directed to the important notice on the next page.**

August 11, 2010  
Greenville, South Carolina

Kevin F. McDonald  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).