UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Dennis Eugene Ross, #12132-171, | ) | |
| | ) | C/A No.: 6:10-cv-01891-GRA |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| Mary M. Mitchell, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter comes before the Court to review Magistrate Judge Kevin F. McDonald's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., filed on August 11, 2010. The magistrate recommends that this Court recharacterize Petitioner's § 2241 petition as a motion pursuant to 28 U.S.C. § 2255 and proceed accordingly. For the reasons stated herein, this Court adopts the magistrate's recommendation. Accordingly, the Court will reserve judgment on the merits of Petitioner's motion until he either objects to the above-captioned matter being treated as a petition under 28 U.S.C. § 2255 or the twenty-day time period for objections has expired.

**Background**

In 2007, Petitioner Dennis Eugene Ross, a previously-convicted felon, was convicted for knowingly possessing a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g), 924(a)(2), and 924(e). On November 15, 2007, Petitioner was

sentenced to one hundred and eighty (180) months imprisonment. On August 14, 2008, the United States Court of Appeals for the Fourth Circuit affirmed this Court's sentence and judgment. On July 21, 2010, Petitioner filed the present motion with this Court, asking the Court to vacate and set aside his conviction, proposing the motion fall under 28 U.S.C. § 2241.

## **Standard of Review**

Petitioner brings this motion *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see Wright v. Collins*, 766 F.2d 841, 845–47 nn.1–3 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## Discussion

### A. Review of the Magistrate's Report and Recommendation

Upon review of Petitioner's "Objection to Magistrate['s] Report and Recommendation," the Court finds that virtually the entire document merely rehashes Petitioner's initial arguments. However, the court was able to glean one specific objection. Petitioner appears to object to the magistrate's conclusion that the "savings clause" of 28 U.S.C. § 2255(e) does not apply in this matter.

A federal prisoner who seeks to collaterally attack the imposition of his sentence usually must proceed under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(a);

*In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). However, under the savings clause of § 2255, the prisoner may bring that attack under 28 U.S.C. § 2241 when a § 2255 motion would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

Section 2255 "is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). As the magistrate noted, the Fourth Circuit has held that the savings clause is triggered when the petitioner meets the following test:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Id.* at 333–34. The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *See In re Eidson*, 129 F.3d 1259, at *1 (4th Cir. 1997) (table); *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001).

Petitioner asserts that because any § 2255 motion he could bring would be time-barred by the statute of limitations set forth in 28 U.S.C. § 2255(f), a § 2255 motion would be ineffective and inadequate. (*See* Obj. to Mag. Rep. & Rec. 2, ECF. No. 16.) However, this assertion is at odds with Fourth Circuit precedent, which holds that the savings clause is not triggered "merely . . . because an individual is

procedurally barred from filing a § 2255 motion." *In re Vial*, 115 F.3d at 1194. Accordingly, Petitioner's argument is without merit.

Petitioner further argues that he is actually innocent of the charges for which he was convicted and that actual innocence triggers the savings clause. (Obj. to Mag. Rep. & Rec. 3.) However, instead of showing that his petition satisfies the *In re Jones* test, Petitioner merely argues the merits of his actual innocence claim. "A petitioner may not argue the merits of his [actual innocence] claim until he has 'open[ed] the portal' to a § 2241 proceeding by demonstrating that the savings clause applies to his claim." *Ramiro v. Vasquez*, 210 F. App'x 901, 904 (11th Cir. 2006) (quoting *Wofford v. Scott*, 177 F.3d 1236, 1244, n. 3 (11th Cir.1999)). "Only if a petitioner successfully 'opens the portal' will [a court] take the next step and determine if the petitioner can overcome a procedural default by showing 'actual innocence.'" *Ramiro*, 210 F. App'x at 904 (quoting *Wofford*, 177 F.3d at 1244 n.3). Petitioner's bald assertion that his actual innocence triggers the savings clause thus fails to satisfy *In re Jones*. *See also Coleman v. Brooks*, 133 F. App'x 51, 52 (4th Cir. 2005) (per curiam). Accordingly, Petitioner's objection is without merit.

After a review of the magistrate's Report and Recommendation, applicable case law, and the record, this Court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the Report and Recommendation in its entirety.

### B. Explanation of Procedural Limitations on § 2255 Petitions

Because Petitioner seeks to vacate, set aside or correct the sentence, the Court finds that the matter should be construed as a petition for habeas corpus relief under 28 U.S.C. § 2255. Such a construction may have serious implications for the Petitioner due to the procedural limitations on § 2255 petitions, and may limit his ability to pursue his claims. Therefore, these limitations will be briefly outlined.

Prior to the enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a prisoner seeking federal habeas relief essentially operated under no statutory time limitation. On April 24, 1996, the President of the United States signed the AEDPA into law. *See* Pub. L. No. 104-132 (1996). The AEDPA instituted a one-year statute of limitations for filing motions pursuant to 28 U.S.C. § 2255. The AEDPA's amendments to 28 U.S.C. § 2255 provide, in relevant part, that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In addition to the time limitations above, petitioners are also limited in the number of petitions they are allowed to make. Under the AEDPA, an individual is not permitted to "file a second or successive . . . § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals." *In Re Vial*, 115 F.3d at 1194 (citations omitted). Section 2255 provides:

> [a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> >
> > (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see also* 28 U.S.C. §§ 2244, 2253.

Since a prisoner is entitled to file only one § 2255 petition without seeking permission from the court of appeals, the United States Court of Appeals for the Fourth Circuit has implemented certain safeguards for prisoners before their filings may be construed as § 2255 petition. *See United States v. Emmanuel*, 288 F.3d 644 (4th Cir. 2002). The Fourth Circuit requires that before a district court

re-characterizes a filing as a § 2255 petition, it must: (1) notify the petitioner of this decision; (2) advise the petitioner of the statutory and procedural limitations on § 2255 petitions discussed above; and (3) provide a reasonable opportunity to respond to the re-characterization. *Id*. at 649.

In compliance with this directive, this Court is providing Petitioner twenty (20) days from the date this order is entered (plus three days for mail time pursuant to FRCP 6(d)) to inform, in writing, the Clerk's Office in Greenville, South Carolina, if he does not wish the above-captioned matter to be treated as a § 2255 petition. If, at the end of the period specified in this order, the Clerk's Office has not received a response from the petitioner, the above-captioned case will be treated as a § 2255 action and ruled on accordingly.

If Petitioner does file an objection to treatment of the motion under § 2255, the motion will be ruled upon as styled. While objecting will preserve the right to file a subsequent § 2255 petition (subject to the procedural limitations discussed previously), the Petitioner is hereby advised that since the time for filing a notice of appeal in his case expired ten days after his sentence was imposed and since the time for correcting a sentencing error under Federal Rule of Criminal Procedure 35(a) expired seven days after his sentence was imposed, consideration of the motion as filed may prove fatal to the present request for judicial review.

IT IS THEREFORE ORDERED that the Petitioner has twenty (20) days from the entry of this order to notify the Clerk of Court if he does not wish for his motion to be construed as a § 2255 petition.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

September 3, 2010
Anderson, South Carolina