UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dennis Eugene Ross, #12132-171, ) | C/A No. 6:10-1891-GRA-KFM |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) **REPORT AND RECOMMENDATION** | |
| Mary M. Mitchell, Warden, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This habeas matter is before this court for a second time pursuant to a September 22, 2010, Order from The Honorable G. Ross Anderson, Jr., Senior United States District Judge, referring this case "to a United States magistrate judge for review." Order, Sept. 22, 2010, ECF No. 23. In that Order, Judge Anderson ruled that the district court "will construe the claims under 28 U.S.C. § 2241." *Id.*

Previously, on August 11, 2010, this court had reviewed Petitioner's § 2241 Petition and recommended that the district court construe Petitioner's § 2241 Petition as a motion pursuant to 28 U.S.C. § 2255. *See* Report and Recommendation, Aug. 11, 2010, ECF No. 10. Petitioner objected to this court's August 11, 2010, Report and Recommendation, and the district court "overruled Petitioner's objections, adopted the magistrate's recommendation, and issued an order stating that Petitioner had twenty (20) days from the entry of that order to notify the Clerk of Court if Petitioner did not wish for his motion to be construed as a § 2255 petition." Order, Sept. 22, 2010, ECF No. 23. Petitioner did timely object to the district court construing his petition as a § 2255 motion, and thus, the district court determined that it "will construe the claims under 28 U.S.C. § 2241." *Id.*

On March 7, 2011, Petitioner submitted a "Request for Entry of Default," with attachments, to the Clerk of Court[1] wherein Petitioner alleges that the United States of America failed to plead or otherwise defend against his § 2241 Petition. Req. for Entry of Default, ECF No. 26. Thus, Petitioner requests that the United States of America be held in default for its failure to defend, and Petitioner asserts that the United States of America was served with a copy of his § 2241 Petition.

## Discussion

First, Petitioner is mistaken because the Respondent has not been served with process in this action. On August 11, 2010, this court entered an Order that provided that the "Clerk of Court shall not serve the § 2241 petition upon the respondent because the petition is subject to dismissal without prejudice or a recharacterization." Order, Aug. 11, 2010, ECF No. 9. Therefore, Petitioner's Request for Entry of Default should be denied because Respondent has *not* failed to respond to the § 2241 Petition as this court did not authorize service of process in this case.

Secondly, for the reasons previously set forth in this court's August 11, 2010, Report and Recommendation, and as previously explained by the district court in its September 3, 2010, Order, Petitioner's grounds for relief and arguments do not satisfy the savings clause of 28 U.S.C. § 2255(e).[2]  See Order, Sept. 3, 2010, ECF No. 20; Report and

---

1) Although Petitioner did not label his documents with C/A No. 6:10-1891-GRA-KFM, it is clear that his documents relate to his pending § 2241 Petition. Thus, the Clerk of Court properly filed the documents in this case.

2) The district court explained that it "will reserve judgment of the merits of Petitioner's motion" while Petitioner decided which habeas motion he would pursue. Order, Sept. 3, 2010, ECF No. 20. However, the district court did analyze whether the savings clause permitted Petitioner to bring his § 2241 Petition; thus, this court does not attempt to completely restate the substance of the district court's Sept. 3, 2010, Order.  See id.

Recommendation, Aug. 11, 2010, ECF No. 10.  Thus, Petitioner cannot seek to vacate his federal conviction and sentence by bringing a § 2241 Petition.  Specifically, the district court previously explained that a § 2255 Petition is not inadequate or ineffective due to Petitioner's claims being time-barred by the statute of limitations set forth in 28 U.S.C. §2255(f).  Order, Sept. 3, 2010, ECF No. 20.  Further, the district court previously explained that "Petitioner's bald assertion that his actual innocence triggers the savings clause ... fails to satisfy *In re Jones*."  *Id.*  Accordingly, the district court should dismiss this § 2241 action without prejudice.

## Recommendation

It is recommended that the district court should deny Petitioner's Request for Entry of Default and dismiss the § 2241 Petition in the above-captioned case *without prejudice* and without issuance and service of process.  *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and Rule 4 and 1(b) of the Rules Governing § 2254 Cases ([i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner).  **The petitioner's attention is directed to the important notice on the next page.**

Kevin F. McDonald
United States Magistrate Judge

March 9, 2011
Greenville, South Carolina

3

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).