UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Dennis Eugene Ross, #12132-171, | ) |
| | ) C/A No.: 6:10-cv-01891-GRA |
| Petitioner, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) (Written Opinion) |
| Mary M. Mitchell, Warden, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

This matter comes before the Court on Petitioner's Motion for habeas corpus relief pursuant to 28 U.S.C. § 2241 ("§ 2241 Motion") (ECF No. 1), Request for Entry of Default (ECF No. 26), and Motion to Dismiss the magistrate's Report and Recommendation ("Motion to Dismiss") (ECF No. 33). For the reasons set forth below, this Court denies Petitioner's § 2241 Motion, Request for Entry of Default, and Motion to Dismiss.

### **Background**

On August 31, 2007, Petitioner pled guilty to one count of possessing a firearm and ammunition after conviction of a felony, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e). On November 15, 2007, this Court sentenced Petitioner to 180 months imprisonment, to be followed be five years of supervised release. Petitioner directly appealed his conviction and sentence. On August 14, 2008, the Fourth Circuit Court of Appeals affirmed. *United States v. Ross*, 312 F.

App'x 512, 513 (4th Cir. 2008) (per curiam).  Petitioner did not file a habeas petition pursuant to 28 U.S.C. § 2255.

Petitioner filed his § 2241 Motion on July 21, 2010.  On August 11, 2010, Magistrate Judge Kevin F. McDonald ordered the Clerk of Court not to serve a copy of the § 2241 Motion upon Respondent and recommended that this Court construe Petitioner's § 2241 Motion as a motion pursuant to 28 U.S.C. § 2255 and proceed accordingly.  Petitioner objected to the magistrate's recommendation.  On September 3, 2010, this Court overruled Petitioner's objections, adopted the magistrate's recommendation, and issued an order providing Petitioner twenty days from the entry of that order to notify the Clerk of Court if Petitioner did not wish for his § 2241 Motion to be construed as a § 2255 petition.  Petitioner timely objected to this Court construing his § 2241 Motion as a § 2255 petition and insisted it be ruled upon as styled.  Following Petitioner's objection, this Court re-committed the matter to the magistrate for review on the merits.

On March 7, 2011, Petitioner filed a Request for Entry of Default.  The next day, Magistrate Judge McDonald recommended that this Court deny the Request for Entry of Default and dismiss the § 2241 Motion without prejudice and without issuance of service of process.  On March 25, 2011, Petitioner filed objections to the Report and Recommendation and moved to dismiss the Report and Recommendation.

## Standard of Review

Defendant brings this claim *pro se*. District courts are required to construe liberally pleadings filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364 (1982) (per curiam). Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983).

## Discussion

As discussed below, Petitioner's arguments are without merit. The Court addresses each argument in turn.

I.    **Motion to Dismiss Report and Recommendation**

Petitioner has moved to dismiss the Report and Recommendation. Petitioner argues that the Report and Recommendation should be disregarded because it is untimely and because the magistrate erred in recommending dismissal. This Court finds no undue delay in the magistrate's timing of his Report and Recommendation, and it finds nothing in the magistrate's analysis that warrants disregarding the Report and Recommendation. Petitioner's Motion to Dismiss is without merit and therefore is denied.

II.   **Request for Entry of Default**

Next, Petitioner claims this Court should enter default judgment against Respondent because she has not responded to his § 2241 Motion.

Default judgments are generally not available in habeas actions. *See, e.g.*, *Aziz v. Leferve*, 830 F.2d 184, 187 (11th Cir. 1987) (noting that "a default judgment is not contemplated in habeas corpus cases"). Moreover, even if default judgment was available, it would not be appropriate in this case. Respondent has not been served with process in this action. On August 11, 2010, the magistrate ordered the Clerk of Court not to serve Petitioner's § 2241 Motion upon Respondent. Moreover, a respondent is not required to answer a habeas motion unless a judge so orders. *See* 28 U.S.C. § 2243. As the magistrate concluded, because Respondent has not needed to respond to the § 2241 Motion, she has not

failed to respond to it. Therefore, a default judgment would be inappropriate in this case.

Petitioner objects to this conclusion. He argues that, regardless of whether Respondent has actually been served, he is entitled to default judgment because by now the Court should have either directed service of process and ordered a response or summarily denied his § 2241 Motion. In other words, he contends that a court's delay in processing a habeas petition is grounds for entry of default. Petitioner cites no authority for this proposition, and this Court can find none. Accordingly, Petitioner's objection is overruled, and the Court denies Petitioner's Request for Entry of Default.

### III.     Section 2241 Motion

Finally, Petitioner objects to the portion of the Report and Recommendation pertaining to the merits of his § 2241 Motion. Petitioner asserts that Congress never intended for its habeas laws to limit a prisoner's right to collaterally attack his conviction, and therefore the magistrate erred in recommending dismissal of his § 2241 Motion. Contrary to Petitioner's argument, though, the United States Code is replete with clear statutory restrictions on when and how a prisoner may assert a habeas claim. *See, e.g.*, 28 U.S.C. § 2255(f) (providing a one-year statute of limitations for petitions brought under § 2255); *id.* § 2255(h) (generally prohibiting second or successive petitions). Furthermore, this Court has reviewed the

magistrate's analysis and finds no deficiency.  Petitioner's objection is without merit and is therefore overruled.

After reviewing the magistrate's Report and Recommendation, applicable case law, and the record, this Court finds that the magistrate applied sound legal principles to the facts of this case.  Therefore, this Court adopts the Report and Recommendation in its entirety.

IT IS THEREFORE ORDERED THAT Petitioner's § 2241 Motion is DISMISSED WITHOUT PREJUDICE and without issuance of service of process.  The Court declines to issue a certificate of appealability in this matter.[1]

G. Ross Anderson, Jr.
Senior United States District Judge

April  4 , 2011
Anderson, South Carolina

---

[1] On December 1, 2009, the Rules governing Section 2254 and 2255 cases in the United States District Courts were amended to require that the district court issue or deny a certificate of appealability when a final ruling on a habeas petition is issued.  *See* Rule 11(a) of the Rules governing 28 U.S.C. § 2254 and 2255.  The Court has reviewed its Order and, pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases, declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).